Mr. Raymond Rea City Attorney City of Boynton Beach Post Office Box 310 Boynton Beach, Florida 33425-0310
Dear Mr. Rea:
You ask substantially the following question:
What is the effect of the Municipal Home Rule Powers Act on that part of the City of Boynton Beach Charter which provides for citizens' initiatives and referenda for the adoption of ordinances?
In sum, I am of the opinion:
Those provisions of the city charter relating to citizens initiatives and referenda for the adoption of ordinances, as of the effective date of Chapter 166, Florida Statutes, have been nullified and repealed or have become ordinances of the city, subject to modification or repeal as are other ordinances.
Your inquiry concerns certain provisions in the city charter relating to initiative petitions and referenda for the adoption of ordinances. These provisions give the electorate the opportunity to petition the governing body to adopt an ordinance by referendum vote. They further provide that an ordinance adopted by referendum vote may only be amended or repealed by referendum vote.
You state that the above provisions were part of the city charter adopted prior to the adoption of the Municipal Home Rule Powers Act, Chapter 166, Florida Statutes. It is assumed for purposes of this inquiry that the city charter has not been readopted since the effective date of the Municipal Home Rule Powers Act.
Section 166.021(1), Florida Statutes, provides that municipalities "may exercise any power for municipal purposes, except when expressly prohibited by law." In order to implement this broad grant of home rule powers to municipalities, section 166.021(4) and (5), Florida Statutes, nullified and repealed, or converted into ordinances, many provisions of municipal charters which constituted limitations on, or pertained exclusively to, the power or jurisdiction of municipalities.[1]
In Attorney General Opinion 74-371 this office concluded that a provision of a municipal charter, adopted prior to the enactment of Chapter 166, Florida. Statutes, which required an affirmative vote of three members of the city council to adopt an ordinance or resolution had been nullified and repealed or had become a municipal ordinance. While the charter provision appeared to be a "limitation of power" within the context of section 166.021, Florida Statutes, and would, therefore, have been nullified and repealed rather than converted into an ordinance, this office stated that it could not "unequivocally state that such has been the effect." Thus, this office suggested that if the city wished to establish a new minimum vote requirement, the safer course would appear to be to adopt a new ordinance for that purpose.
The charter provisions to which you refer do not appear to be within the exceptions enumerated in section 166.021(4), Florida Statutes. Thus, those provisions are no longer part of the charter of the City of Boynton Beach but have been nullified and repealed or have become ordinances of the city, subject to amendment or repeal like other ordinances.[2] The governing body of the municipality, therefore, may enact an ordinance amending or repealing the charter provision. Until such time as the council enacts such an ordinance, however, existing ordinances and charter provisions govern.[3]
Section 166.041, Florida Statutes, establishes a uniform procedure for the enactment of municipal ordinances and resolutions which is applicable to, and cannot be lessened or reduced by, a municipality.[4] However, as provided in subsection (6) of the statute, a municipality may specify by future ordinance or charter amendment additional requirements for the adoption of ordinances or resolutions, or prescribe procedures in greater detail than contained in section 166.041, Florida Statutes.
Accordingly, I am of the opinion that the municipal charter provisions, which were adopted prior to enactment of Chapter 166, Florida Statutes, and which relate to citizens initiatives and referenda for the adoption of ordinances, have been nullified and repealed or have become ordinances of the city, subject to modification or repeal as are other ordinances. Thus, the governing body of the municipality may, pursuant to section166.041, Florida Statutes, alter or amend the procedures for citizens' initiatives or referenda for the adoption of ordinances without an approving referenda by the electorate.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tcs
[1] See, s. 166.021(4) and (5), Fla. Stat., providing:
"(4) The provisions of [s. 166.021] shall be so construed as to secure for municipalities the broad exercise of home rule powers granted by the constitution. It is the further intent of the Legislature to extend to municipalities the exercise of powers for municipal governmental, corporate, or proprietary purposes not expressly prohibited by the constitution, general or special law, or county charter and to remove any limitations, judicially imposed or otherwise, on the exercise of home rule powers other than those so expressly prohibited. However, nothing in this act shall be construed to permit any changes in a special law or municipal charter which affect the exercise of extraterritorial powers or which affect an area which includes lands within and without a municipality or any changes in a special law or municipal charter which affect the creation or existence of a municipality, the terms of elected officers and the manner of their election, the distribution of powers among elected officers, matters prescribed by the charter relating to appointive boards, any change in the form of government, or any rights of municipal employees, without approval by referendum of the electors as provided in s. 166.031. Any other limitation of power upon any municipality contained in any municipal charter enacted or adopted prior to July 1, 1973, is hereby nullified and repealed.
(5) All existing special acts pertaining exclusively to the power or jurisdiction of a particular municipality except as otherwise provided in subsection (4) shall become an ordinance of that municipality on the effective date of [the Municipal Home Rule Powers Act], subject to modification or repeal as other ordinances."
[2] See, Ops. Att'y Gen. Fla. 73-478 (1973) and 75-223 (1975).
[3] See, Op. Att'y Gen. Fla. 73-475 (1973). And see, Op. Att'y Gen. Fla. 79-21 (1979) (city council may amend by ordinance former charter provisions converted into ordinances by operation of s.166.021[4] and[5], Fla. Stat.).
[4] See, Op. Att'y Gen. Fla. 74-371 (1974).